# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

VERONICA RAMIREZ,
Plaintiff

v.

UNITED STATES OF AMERICA, and
SUPERVISORS OF THE CIVIL
DIVISION OF THE OFFICE OF THE
UNITED STATES ATTORNEY,
Defendants

No. 25 CV 12134

Judge Jeremy C. Daniel

## ORDER

Defendant United States of America's motion to dismiss [20] is granted. The plaintiff has until April 20, 2026, to file an amended complaint. Further, there is no indication on the docket that the plaintiff served the remaining defendants within 90 days of filing her complaint. The plaintiff shall serve the defendant(s) and provide proof of service on or before April 13, 2026. The April 2, 2026, status hearing is stricken.

## STATEMENT

This case is before the Court on Defendant United States of America's (the "government") motion to dismiss Plaintiff Veronica Ramirez's complaint. (R. 20.)[1] The facts below are drawn from the complaint, (R. 1), and are accepted as true in resolving the government's motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### Background

Ramirez is a former employee of the Department of Justice. (R. 1 at 2.)[2] She resigned in February 2024. (*Id.* at 3.) In May 2024, Ramirez got a new personal cell phone, phone number, and phone service plan with AT&T. (*Id.* at 3, 7.) She alleges that she never provided her new phone number to her former employer. (*Id.* at 3.) Despite this, she claims that her "private messages [were] intercepted and forwarded to Civil

---

[1] The other named defendant, "Supervisors of the Civil Division of the Office of the United States Attorney," did not move to dismiss the complaint. However, there is no indication on the docket that the plaintiff has served any defendant.

[2] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

Division supervisors," without her authorization. (*Id.* at 3–4.) This caused "multiple fraud reports, identity theft reports, and municipal reports to be filed." (*Id.* at 4.) That same month, Ramirez viewed her call records through her AT&T account. (*Id.* at 7.) These records showed "calls from a hospital to Plaintiff's number." (*Id.*) But her "hospital visit occurred in April 2024," before she got her new phone number. (*Id.*) She then checked her AT&T account again and "discovered that call record entries had been altered or removed, such that the previously visible number no longer appeared." (*Id.*) She alleges that the defendants access her AT&T account, "resulting in the alteration or deletion of" her communications and records. (*Id.* at 8.)

Ramirez's complaint contains three claims. Count I is a claim for violations of the Fourth and Fifth Amendments, brought under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Count II asserts a violation of the Federal Wiretap Act, 18 U.S.C. §§ 2510–2523. Count III is a claim for violation of the Stored Communications Act, 18 §§ U.S.C. 2701–2713. The government moves under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim. (R. 20.)

**Legal Standard**

A motion under Rule 12(b)(6) tests the sufficiency of the plaintiff's claims, not the merits of her case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 885 (7th Cir. 2022). A complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. A plaintiff must set forth "adequate factual detail to lift h[er] claims from mere speculative possibility to plausibility." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). The Court "construe[s] all allegations and any reasonable inferences in the light most favorable to the plaintiff." *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512–13 (7th Cir. 2020) (citation omitted). Because Ramirez brings her complaint *pro se*, the Court construes it liberally. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

**Analysis**

*Bivens* Claim (Count I). Ramirez claims that the government violated her Fourth and Fifth Amendment rights by intercepting, forwarding, and altering private communications on her cell phone, and "failing to provide due process." (R. 1 at 2–4.) The government argues that Count I should be dismissed because it is not brought against individual government officials in their individual capacities, and because it extends *Bivens* to a new context. (R. 21 at 2–6.) In *Bivens*, the Supreme Court recognized that individuals may, in certain circumstances, bring a cause of action asserting constitutional violations against federal officers in their individual capacities. *Bivens* 403 U.S. at 396–97. However, "[a] *Bivens* action may not be brought against the United States or a federal agency." *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006). While Ramirez appears to name "Supervisors of the Civil Division of the Office of the United States Attorney" as defendants, she has not provided proof of

2

service on any individual federal officials, and only the government is moving to dismiss her complaint. Further, in her response, Ramirez states that she "does not seek to sue individuals." (R. 25 at 1.) Ramirez cannot maintain a *Bivens* action against the government. *Kaba*, 458 F.3d at 687. As a result, the Court need not address the government's argument that Ramirez seeks to impermissibly extend *Bivens* to a new context. (R. 21 at 2–6.) Accordingly, the Court dismisses Count I.

Federal Wiretap Act Claim (Count II). Ramirez claims that the government unlawfully intercepted communications from her personal cell phone. (R. 1 at 5–6.) The government argues Count II should be dismissed because the government is shielded from liability under the Federal Wiretap Act. (R. 21 at 6.) The federal government is generally immune from suits for money damages unless Congress has waived immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citation omitted). Waiver of sovereign immunity occurs where a statute either strips the government of immunity or provides a cause of action and authorizes suit against the government. *Fin. Oversight & Mgmt. Bd. for P.R. v. Centro de Periodismo Investigativo, Inc.*, 598 U.S. 339, 347 (2023). The Federal Wiretap Act does neither. Instead, it allows a civil plaintiff to recover from a "person or entity, other than the United States." 18 U.S.C. § 2520(a). Ramirez asserts that the government is immune from liability for only lawfully instituted wiretaps. (R. 25 at 4.) But she cites no authority for this assertion, and the statute contains no such distinction. The Court dismisses Count II.

Stored Communications Act Claim (Count III). Ramirez claims that the government unlawfully accessed and altered her personal communications. (R. 1 at 6–8.) The government argues that Count III should be dismissed because Ramirez has not exhausted her administrative remedies. (R. 21 at 7.) The Stored Communications Act provides that, "Any action against the United States under this section may be commenced only after a claim is presented to the appropriate department or agency under the procedures of the Federal Tort Claims Act." 18 U.S.C. § 2712(b)(1). Ramirez's complaint does not allege that she filed a claim with any administrative department or agency.[3] Rather, she appears to contend that she cannot bring an administrative claim until the Court has ruled on the legality of the alleged wiretap. (*See* R. 25 at 4.) But she cites no authority supporting this assertion, and the statute provides that she cannot bring a claim against the government in this Court until she has first exhausted an administrative claim under the FTCA's procedures. 18 U.S.C. § 2712(b)(1). She also asserts that the defendants did not notify her of their intent to access her information, (R. 25 at 4), but this is not relevant to the exhaustion requirement. Because Ramirez has not plausibly alleged that she exhausted her administrative remedies, the Court dismisses Count III.

---

[3] The Court need not consider the supporting declaration filed by the government, (R. 22), as Ramirez's complaint fails, on its face, to allege that she filed an administrative claim.

Accordingly, the Court grants the government's motion to dismiss.

Date: March 30, 2026

_____
JEREMY C. DANIEL
United States District Judge

4